**UNITED STATES of America,**
**Appellee,**

v.

**Eddie VELEZ, aka King Trim,**
**Defendant–Appellant.**

**No. 05–4185–cr.**

United States Court of Appeals,
Second Circuit.

Feb. 16, 2006.

Tracy Lee Dayton, Assistant, United States Attorney, (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, David C. James, on the brief), New York, N.Y. for Appellee, of counsel.

Michael Gold, New York, NY, for Defendant-Appellant.

PRESENT: Hon. DENNIS JACOBS, Hon. RICHARD C. WESLEY, and Hon. JOHN R. GIBSON,* Circuit Judges.

### SUMMARY ORDER

Eddie Velez appeals from convictions entered August 3, 2005 by the United States District Court for the Eastern District of New York (Dearie, *J.*). Velez challenges the sufficiency of the evidence. We assume familiarity with the facts, the procedural history, and the issues on appeal.

On a challenge to the sufficiency of the evidence, the jury verdict must be upheld if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Autuori*, 212 F.3d 105, 114 (2d Cir.2000). All inferences are to be drawn in favor of the government. *Id.*

The conviction for murder in aid of racketeering required findings of (i) a specific intent to kill and (ii) a general purpose to "maintain or increase ... position in the [criminal] enterprise." *United States v. Concepcion*, 983 F.2d 369, 381 (2d Cir.1992). Intent to kill was reasonably inferred from Velez's overall conduct: bringing a gun to the crime scene, firing at Rosado, and later bragging about the killing. Intent to maintain or increase position within the Latin Kings gang was reasonably inferred from Velez's past frustrations at having to compete with Rosado for drug sales, from the past relations between the Latin Kings and the Bloods, and from the rewards typically experienced by Latin Kings members who killed members of rival gangs.

The conviction for murder with malice aforethought required findings of (i) pre-

---

* The Honorable John R. Gibson, United States Court of Appeals for the Eighth Circuit, sitting by designation.

meditation and (ii) a nexus between the firearm used and the ongoing drug conspiracy. 18 U.S.C. 924(j)(1) (2004). Evidence referenced above sufficiently supported the jury's finding of intent. The nexus element requires a showing that the gun "afforded some advantage (actual or potential, real or contingent) relevant to the vicissitudes of drug trafficking." *Id.* The jury could reasonably conclude that Velez attempted to eliminate competing drug sellers through use of his firearm, thereby establishing a nexus.

For the foregoing reasons, the judgment of the district is affirmed.